11-2017-CA-002061-0001-XX

Filing # 64816393 E-Filed 11/30/2017 05:15:53 PM

IN THE CIRCUIT COURT FOR THE TWENTIETH JUDICIAL CIRCUIT IN AND FOR COLLIER COUNTY, FLORIDA

SUSAN CURLEY,

    Plaintiff,

vs.    Case No.: 17-CA-2061

STEWART TITLE GUARANTY COMPANY,

    Defendant.

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, SUSAN CURLEY ("CURLEY"), by and through her undersigned attorney, sues the Defendant, STEWART TITLE GUARANTY COMPANY, and as grounds therefore states as follows:

### JURISDICTION AND VENUE

1. This action involves a matter in controversy exceeding $15,000.00, exclusive of interest, costs, and attorneys' fees.

2. Venue is proper in Collier County since Defendant operates in Collier County and all of the claims occurred in Collier County.

### PARTIES

3. CURLEY is a resident of Collier County, fifty-three (53) years of age, and otherwise *sui juris* in all respects.

4. CURLEY was during the relevant time period employed by Defendant in Collier County.

5. Defendant conducts business in Collier County.

1

PHILLIPS LAW FIRM ♦ 350 Fifth Avenue South ● Suite 200 ● Naples, FL 34102 ♦ Tel: 239.262.7748 ♦ Fax: 239.262.7144
Email: DMP@PhillipsLawFL.com

FILED: COLLIER COUNTY, DWIGHT E. BROCK, CLERK, 12/01/2017 10:58:01 AM

## GENERAL ALLEGATIONS

6. CURLEY was first hired by Defendant in or about 2009 as an Agency Service Manager.

7. Throughout Plaintiff's employment with Defendant she met or exceeded all of Defendant's legitimate expectations. She exceeded her monthly revenue goals in every month of her employment, or nearly every month, including but not limited to January, February, March, April, May, June and July of 2016.

8. In March of 2016 CURLEY met with one of her accounts, who was an agent of Defendant. He talked about going to nudist swing clubs and other "alternative lifestyle" parties in the area, and invited CURLEY to attend these events and to participate in a threesome with him and his wife. He subsequently brought this subject matter up to CURLEY repeatedly on other occasions. CURELY found his statements to be offensive.

9. This particular account of CURLEY's also texted her a picture of an erect penis. CURLEY found this picture to be offensive.

10. On or about July 21, 2016 CURLEY complained to her supervisor, Jay Reed ("REED"), about the offensive and unwelcome statements and invites, as well as the picture of the erect penis.

11. On July 25, 2016 CURLEY, in furtherance of her complaint, provided REED with a summary of her relationship with the particular account, which included reference to requests that CURLEY participate in the "alternative lifestyle."

12. On July 27, 2016 REED advised CURLEY that "[w]e are doing some due diligence and will get back to you with our response and course of action."

2

13. After receiving no response to her complaints either from REED or anyone else in Defendant's management or Human Resources, CURLEY contacted Human Resources on August 11, 2016 to inquire about the status of her complaint.

14. On August 15, 2016 Defendant terminated CURLEY's employment.

15. CURLEY was replaced by someone significantly younger than CURLEY.

## COMPLIANCE WITH CONDITIONS PRECEDENT

16. CURLEY dual-filed her Charge of Discrimination with the EEOC (Charge No. 511-2017-00454) on or about November 10, 2016.

17. One Hundred Eighty (180) days have passed since the filing of CURLEY's Charge of Discrimination with the EEOC.

18. The EEOC issued a Dismissal and Notice of Rights on August 29, 2017, attached as Exhibit A.

## PUNITIVE DAMAGES

19. CURLEY contends that Defendant's conduct as alleged herein was intended to cause injury to CURLEY or was carried on by Defendant in willful disregard and conscious disregard of the rights of the CURLEY.

20. Alternatively, CURLEY contends that Defendant authorized and/or ratified the wrongful conduct for which punitive damages are sought herein, and was guilty of oppression, fraud, and malice through the actions of its officers, directors and managing agents.

21. On the basis of Defendant's willful and conscious disregard of CURLEY's rights, and Defendant's oppression, fraud and malice toward CURLEY, and for all conduct in violation of 42 U.S.C. §2000e *et seq.* and Florida Statute §760.01 *et seq.*, CURLEY is entitled to exemplary

PHILLIPS LAW FIRM ♦ 350 Fifth Avenue South • Suite 200 • Naples, FL 34102 ♦ Tel: 239.262.7748 ♦ Fax: 239.262.7144
Email: DMP@PhillipsLawFL.com

and punitive damages pursuant to the Title VII of the Civil Rights Act of 1964 and the Florida Civil Rights Act of 1992.

22. CURLEY has employed the undersigned attorney to represent her in this action and is obligated to pay her attorney a reasonable fee for his legal services in bringing this action. Defendant should be held liable for the attorney's fees and costs incurred in bringing this action.

## COUNT I
### [Retaliation-Title VII]

23. CURLEY reavers and realleges paragraphs 1 through 22 as if fully set forth herein and further alleges:

24. This is an action against Defendant for retaliation based upon gender brought under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §2000e *et seq*.

25. At all relevant times Defendant was an employer and a covered entity under the Title VII and subject to its provisions.

26. At all relevant times CURLEY was an employee under Title VII.

27. CURLEY engaged in protected activity when she complained about sexual harassment, including the unwelcome and offensive statements, invites and picture of the erect penis.

28. The actions complained of by CURLEY affected terms, conditions, or privileges of her employment.

29. Defendant's conduct and omissions constitute intentional retaliation against CURLEY for her protected objection to sexual harassment in violation of 42 U.S.C. §2000e *et seq*.

30. Defendant is liable for the differential treatment and retaliation against CURLEY because it controlled the actions and inactions of the persons making decisions affecting CURLEY.

31. As a direct and proximate result of Defendant's conduct described above, CURLEY has suffered compensatory damages, emotional distress, mental pain and suffering, inconvenience, outrage, embarrassment, humiliation, loss of enjoyment of life, loss of dignity, and other non-pecuniary losses and tangible injuries, along with lost back and front pay, interest on pay, bonuses, and other benefits. These damages have occurred in the past, are permanent and continuing.

32. Because Defendant acted with malice and with reckless disregard for CURLEY's federally protected rights, CURLEY is entitled to punitive damages.

**WHEREFORE**, Plaintiff demands trial by jury, and requests this Court to:

a. Declare that Defendant has unlawfully discriminated against Plaintiff in violation of Title VII;

b. Issue an order prohibiting further discrimination;

c. Order equitable relief including but not limited to back pay, reinstating Plaintiff with all promotions and seniority rights to which he is entitled or award front pay in lieu of reinstatement, and all other equitable relief provided in 42 U.S.C. 2000e-5 and 42 U.S.C. 1981a;

d. Award Plaintiff all compensatory and punitive damages provided for in 42 U.S.C. 1981a and applicable statutes;

e. Award Plaintiff her costs, attorney's fees and such other and further relief as the Court deems proper; and

f. Grant Plaintiff trial by jury.

## COUNT II
**[Age Discrimination-Age Discrimination in Employment Act]**

33. CURLEY reavers and realleges paragraphs 1 through 22 as if fully set forth herein and further alleges:

5

34. This is an action to recover all damages, interest, equitable relief and attorney's fees and costs on behalf of CURLEY for violations of her rights under the Age Discrimination in Employment Act ("ADEA"), to include the remedies in 29 U.S.C. §621 *et seq.*

35. At all relevant times Defendant was an employer and a covered entity under the ADEA subject to its provisions.

36. At all relevant times CURLEY was an employee under the ADEA.

37. Because of CURLEY'S age, she suffered adverse employment actions leading up to and consisting of the termination of her employment.

38. CURLEY is protected against discrimination under the ADEA.

39. CURLEY has been damaged as a direct and proximate result of Defendant's illegal employment practices.

40. Defendant is liable for the differential treatment and discrimination against CURLEY because it controlled the actions and inactions of the persons making decisions affecting CURLEY.

41. Defendant's discrimination against Plaintiff was willful or with reckless indifference to her protected rights.

**WHEREFORE**, Plaintiff demands trial by jury and requests this Court to:
  a. Declare that Defendant has unlawfully discriminated against Plaintiff in violation of the ADEA;
  b. Issue an order prohibiting further discrimination;
  c. Order equitable relief including but not limited to back pay, reinstatement or front pay in lieu of reinstatement, and all other equitable relief provided in the ADEA;
  d. Award Plaintiff all compensatory and liquidated damages provided for in the ADEA;

6

PHILLIPS LAW FIRM ♦ 350 Fifth Avenue South • Suite 200 • Naples, FL 34102 ♦ Tel: 239.262.7748 ♦ Fax: 239.262.7144
Email: DMP@PhillipsLawFL.com

e.  Award Plaintiff her costs, attorney's fees, pre-judgment and post-judgment interest and such other and further relief as the Court deems proper; and

f.  Grant Plaintiff trial by jury.

## COUNT III
### [Retaliation-Florida Civil Rights Act]

42. CURLEY reavers and realleges paragraphs 1 through 22 as if fully set forth herein and further alleges:

43. This is an action against Defendant for retaliation based upon gender brought under the Florida Civil Rights Act ("FCRA"), §760.01 *et seq. Fla. Stat.*

44. At all relevant times Defendant was an employer and a covered entity under the FCRA subject to its provisions.

45. At all relevant times CURLEY was an employee under the FCRA.

46. CURLEY engaged in protected activity when she complained about sexual harassment, including the unwelcome and offensive statements, invites and picture of the erect penis.

47. The actions complained of by CURLEY affected terms, conditions, or privileges of her employment.

48. Defendant's conduct and omissions constitute intentional retaliation against CURLEY for her protected objection to sexual harassment violation of §760.01 *et seq. Fla. Stat.*

49. Defendant is liable for the differential treatment and retaliation against CURLEY because it controlled the actions and inactions of the persons making decisions affecting CURLEY.

50. As a direct and proximate result of Defendant's conduct described above, CURLEY has suffered compensatory damages, emotional distress, mental pain and suffering, inconvenience, outrage, embarrassment, humiliation, loss of enjoyment of life, loss of dignity, and other non-

7

PHILLIPS LAW FIRM ♦ 350 Fifth Avenue South • Suite 200 • Naples, FL 34102 ♦ Tel: 239.262.7748 ♦ Fax: 239.262.7144
Email: DMP@PhillipsLawFL.com

pecuniary losses and tangible injuries, along with lost back and front pay, interest on pay, bonuses, and other benefits. These damages have occurred in the past, are permanent and continuing.

51. Because Defendant acted with malice and with reckless disregard for CURLEY's state protected rights, Plaintiff is entitled to punitive damages.

**WHEREFORE**, Plaintiff demands trial by jury and requests this Court to:

a. Declare that Defendant has unlawfully discriminated against Plaintiff in violation of the Florida Civil Rights Act of 1992; and

b. Issue an order prohibiting further discrimination; and

c. Order equitable relief including but not limited to back pay, reinstatement or front pay in lieu of reinstatement, and all other equitable relief provided in *Fla. Stat.* §760.11; and

d. Award Plaintiff all compensatory and punitive damages provided for in *Fla. Stat.* §760.11; and

e. Award Plaintiff her costs, attorneys' fees, pre-judgment and post-judgment interest and such other and further relief as the Court deems proper;

f. Grant Plaintiff trial by jury.

### COUNT IV
### [Age Discrimination-Florida Civil Rights Act]

52. CURLEY reavers and realleges paragraphs 1 through 22 as if fully set forth herein and further alleges:

53. This is an action against Defendant for discrimination based upon age brought under the Florida Civil Rights Act ("FCRA"), §760.01 *et seq. Fla. Stat.*

54. At all relevant times Defendant was an employer and a covered entity under the FCRA subject to its provisions.

55. At all relevant times CURLEY was an employee under the FCRA.

PHILLIPS LAW FIRM ♦ 350 Fifth Avenue South • Suite 200 • Naples, FL 34102 ♦ Tel: 239.262.7748 ♦ Fax: 239.262.7144
Email: DMP@PhillipsLawFL.com

56. Because of CURLEY'S age, she suffered adverse employment actions leading up to and consisting of the termination of her employment.

57. CURLEY is protected against discrimination under the FCRA.

58. Defendant is liable for the differential treatment and discrimination against CURLEY because it controlled the actions and inactions of the persons making decisions affecting CURLEY.

59. As a direct and proximate result of Defendant's conduct described above, CURLEY has suffered compensatory damages, emotional distress, mental pain and suffering, inconvenience, outrage, embarrassment, humiliation, loss of enjoyment of life, loss of dignity, and other non-pecuniary losses and tangible injuries, along with lost back and front pay, interest on pay, bonuses, and other benefits. These damages have occurred in the past, are permanent and continuing.

60. Defendant's discrimination against CURLEY was willful or with reckless indifference to her protected rights.

**WHEREFORE**, Plaintiff demands trial by jury and requests this Court to:

a. Declare that Defendant have unlawfully discriminated against Plaintiff in violation of the Florida Civil Rights Act of 1992; and

b. Issue an order prohibiting further discrimination; and

c. Order equitable relief including but not limited to back pay, reinstatement or front pay in lieu of reinstatement, and all other equitable relief provided in *Fla. Stat.* §760.11; and

d. Award Plaintiff all compensatory and punitive damages provided for in *Fla. Stat.* §760.11; and

e. Award Plaintiff her costs, attorneys' fees, pre-judgment and post-judgment interest and such other and further relief as the Court deems proper;

f. Grant Plaintiff trial by jury.

PHILLIPS LAW FIRM ♦ 350 Fifth Avenue South ● Suite 200 ● Naples, FL 34102 ♦ Tel: 239.262.7748 ♦ Fax: 239.262.7144
Email: DMP@PhillipsLawFL.com

## JURY TRIAL DEMAND

Plaintiff demands trial by jury as to all issues and Counts.

Respectfully submitted this 30th day of November, 2017.

           PHILLIPS LAW FIRM
           Attorneys for Plaintiff
           350 5th Avenue South, Suite 200
           Naples, Florida 34102
           239/262-7748
           239/262-7144 (Fax)
           DMP@PhillipsLawFL.com

           By: **s/ Darrin M. Phillips**
           Darrin M. Phillips, Esq.
           Bar Number: 0062332