UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FT. MYERS DIVISION

CASE NO.: 2:18-cv-00009-UA-CM

SUSAN CURLEY,

    Plaintiff,

v.

STEWART TITLE GUARANTY COMPANY,

    Defendant.
_____/

## ANSWER AND AFFIRMATIVE DEFENSES

The Defendant, STEWART TITLE GUARANTY COMPANY ("Stewart"), hereby submits its Answer and Affirmative Defenses to the Complaint and Demand for Jury Trial ("Complaint") filed by the Plaintiff, SUSAN CURLEY ("Plaintiff"), and alleges:

### ANSWER TO "JURISDICTION AND VENUE"

1. Stewart admits that Plaintiff purports to assert an action for damages in excess of $15,000 but denies that Plaintiff is entitled to recover, or Stewart is liable for, any such damages.

2. Stewart admits that venue is proper in Collier County, Florida, but denies that the claims occurred as alleged.

### ANSWER TO "PARTIES"

3. Stewart is without knowledge sufficient to admit or deny the allegations contained in Paragraph No. 3 and, therefore, denies those allegations.

4. Stewart admits that it employed Plaintiff.

5. Stewart admits that it conducts business in Collier County, Florida.

## ANSWER TO "GENERAL ALLEGATIONS"

6. Stewart admits that it hired Plaintiff to serve as an Agency Services Manager. Curley denies that it hired Plaintiff in or about 2009.

7. Stewart is without knowledge sufficient to admit or deny the allegations contained in Paragraph No. 7 and, therefore, denies those allegations.

8. Stewart denies that the referenced person was an agent of Stewart but admits that he was associated with one of the accounts Plaintiff handled. Stewart is without knowledge sufficient to admit or deny the remaining allegations contained in Paragraph No. 8 and, therefore, denies those allegations.

9. Stewart is without knowledge sufficient to admit or deny the allegations contained in Paragraph No. 9 and, therefore, denies those allegations.

10. Stewart admits that, on or about July 21, 2016, Plaintiff told Jay Reed ("Reed") about certain alleged interactions with the referenced person. Stewart denies that Plaintiff complained to Mr. Reed, described the referenced person's statements and invitations as offensive or unwelcome, or referenced a picture at that time.

11. Stewart admits that, on or about July 25, 2016, Plaintiff provided Reed with a summary of her relationship with the account. Stewart denies that Plaintiff did so in furtherance of a complaint and that the summary included reference to requests that Plaintiff participate in the "alternative lifestyle."

12. Stewart is without knowledge sufficient to admit or deny the allegations contained in Paragraph No. 12 and, therefore, denies those allegations.

13. Stewart denies the allegations contained in Paragraph No. 13.

14. Admitted.

15. Stewart denies that Stewart replaced Curley.

## ANSWER TO "COMPLIANCE WITH CONDITIONS PRECEDENT"

16. Stewart admits that Plaintiff dual-filed her Charge of Discrimination with the EEOC, assigned Charge No. 511-2017-00454. Stewart is without knowledge sufficient to admit or deny the remaining allegations contained in Paragraph No. 16 and, therefore, denies those allegations.

17. Admitted.

18. Admitted.

## ANSWER TO "PUNITIVE DAMAGES"

19. Stewart admits that Plaintiff contends as alleged in Paragraph No. 19, but denies that those contentions are accurate.

20. Stewart admits that Plaintiff contends as alleged in Paragraph No. 20, but denies that those contentions are accurate.

21. Stewart denies that it acted with willful and conscious disregard of Plaintiff's rights, with oppression, fraud and malice toward Plaintiff or in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. 2000e et seq. ("Title VII") or the Florida Civil Rights Act, Florida Statute 760.01 et seq. ("FCRA"). Stewart further denies that Plaintiff is entitled to exemplary and punitive damages.

22. Stewart denies that it should be held liable for the attorney's fees and costs incurred in bringing this action. Stewart is without knowledge sufficient to admit or deny the remaining allegations contained in Paragraph No. 22 and, therefore, denies those allegations.

## ANSWER TO "COUNT I [Retaliation – Title VII]"

23. Stewart adopts its responses to the allegations contained in Paragraph Nos. 1 through 22, as if fully set forth herein.

24. Stewart admits that Plaintiff purports to assert an action against it for retaliation based upon gender brought under Title VII, but denies that it is liable for Title VII retaliation.

25. Stewart admits that it is an employer as defined by Title VII but denies violating any law so as to evoke the protections of Title VII.

26. Stewart admits that Plaintiff is an employee as defined by Title VII but denies violating any law so as to evoke the protections of Title VII.

27. Stewart admits that sexual harassment complaints generally are protected activity. Stewart denies that Plaintiff complained about sexual harassment or advised it that she received pictures of an erect penis.

28. Stewart denies that Plaintiff complained or that any such complaints affected terms, conditions or privileges of her employment.

29. Denied.

30. Stewart denies that Plaintiff suffered differential treatment and discrimination and denies that it is liable.

31. Denied.

32. Stewart denies that it acted with malice and reckless disregard for Plaintiff's federally protected rights and that she is entitled to punitive damages.

## ANSWER TO "COUNT II
[Age Discrimination – Age Discrimination in Employment Act]"

33. Stewart adopts its responses to the allegations contained in Paragraph Nos. 1 through 22, as if fully set forth herein.

34. Stewart admits that Plaintiff purports to assert an action against it for damages, interest, equitable relief and attorney's fees and costs for violations of her rights under the Age Discrimination in Employment Act ("ADEA"), but denies that it is liable for violation of the ADEA.

35. Stewart admits that it is an employer as defined by the ADEA but denies violating any law so as to evoke the protections of the ADEA.

36. Stewart admits that Plaintiff is an employee as defined by the ADEA but denies violating any law so as to evoke the protections of the ADEA.

37. Stewart admits that it terminated Plaintiff's employment. Stewart denies that Plaintiff suffered adverse employment actions leading up to and consisting of the termination of her employment because of her age.

38. Admitted.

39. Stewart denies that it engaged in illegal employment practices. Stewart further denies the remaining allegations contained in Paragraph No. 39.

40. Stewart denies that Plaintiff suffered differential treatment and discrimination and denies that it is liable.

41. Defendant denies that it discriminated against Plaintiff and acted with willful or reckless indifference to her protected rights.

ANSWER TO "COUNT III
[Retaliation – Florida Civil Rights Act]"

42. Stewart adopts its responses to the allegations contained in Paragraph Nos. 1 through 22, as if fully set forth herein.

43. Stewart admits that Plaintiff purports to assert an action against it for retaliation based upon gender brought under the FCRA but denies that it is liable for violation of the FCRA.

44. Stewart admits that it is an employer as defined by the FCRA but denies violating any law so as to evoke the protections of the FCRA.

45. Stewart admits that Plaintiff is an employee under the FCRA but denies violating any law so as to evoke the protections of the FCRA.

46. Stewart denies that Plaintiff complained about sexual harassment or a picture of an erect penis. Stewart admits that complaints such as those constitute protected activity.

47. Stewart denies that Plaintiff complained or that any such complaints affected terms, conditions or privileges of her employment.

48. Denied.

49. Stewart denies that Plaintiff suffered differential treatment and retaliation and denies that it is liable.

50. Denied.

51. Stewart denies that it acted with malice and reckless disregard of Plaintiff's rights, and denies that Plaintiff is entitled to punitive damages.

### ANSWER TO "COUNT IV
[Age Discrimination – Florida Civil Rights Act]"

52. Stewart adopts its responses to the allegations contained in Paragraph Nos. 1 through 22, as if fully set forth herein.

53. Stewart admits that Plaintiff purports to assert an action against it for damages, interest, equitable relief and attorney's fees and costs for violations of her rights under the ADEA, but denies that it is liable for violation of the ADEA.

54. Stewart admits that it is an employer as defined by the FCRA but denies violating any law so as to evoke the protections of the FCRA.

55. Stewart admits that Plaintiff is an employee under the FCRA but denies violating any law so as to evoke the protections of the FCRA.

56. Stewart admits that it terminated Plaintiff's employment. Stewart denies that Plaintiff suffered adverse employment actions leading up to and consisting of the termination of her employment because of her age.

57. Admitted.

58. Stewart denies that Plaintiff suffered differential treatment and discrimination and denies that it is liable.

59. Denied.

60. Stewart denies that it discriminated against Plaintiff or acted with willful or reckless indifference to her protected rights.

## DENIAL OF ALL ALLEGATIONS NOT ADMITTED

61. Stewart denies each and every allegation contained in Plaintiff's Complaint not expressly admitted herein.

## AFFIRMATIVE DEFENSES

62. As its first affirmative defense, Stewart alleges that any actions undertaken as to Plaintiff were taken in good faith, based on lawful and legitimate non-discriminatory, non-retaliatory business reasons. Specifically, Plaintiff was laid off as part of a regular reduction in force, which included Plaintiff and several other employees in her position, without regard to Plaintiff's age or any alleged protected activity.

63. As its second affirmative defense, Stewart alleges that Plaintiff's claims may be barred by the applicable statute of limitations due to Plaintiff's failure to timely pursue her claims following her receipt of the Dismissal and Notice of Rights.

64. As its third affirmative defense, Stewart alleges that Plaintiff's claims are subject to the arbitration provisions contained within agreements she entered into with Stewart during her employment, in which she agreed to resolve disputes with Stewart by mandatory and binding arbitration administered by the American Arbitration Association.

65. As its fourth affirmative defense, Stewart alleges that Plaintiff's claims and/or damages claims are barred on the grounds that, even if any decision concerning Plaintiff was based, in part, on grounds of unlawful discrimination or retaliation (no decision was), Stewart would have reached the same decision based on other legitimate, non-discriminatory, non-retaliatory reasons. Specifically, notwithstanding Plaintiff's age and alleged protected activity, Plaintiff was laid off as part of a regular reduction in force, which included several other Stewart employees, based on Stewart's reduced demand for labor and Plaintiff's location, cost and conduct during her employment.

66. As its fifth affirmative defense, Stewart alleges that Plaintiff's discrimination claim and/or any damages claims are barred by Stewart's exercise of reasonable care to prevent and promptly correct any alleged harassing behavior and/or Plaintiff unreasonably failed to take advantage of Stewart's preventative or corrective opportunities. Stewart took all steps necessary to address Plaintiff's sexual harassment allegations, including that, before Plaintiff asserted those allegations, it reassigned to another employee the account affiliated with the referenced person. Stewart then promptly attempted to investigate Plaintiff's allegations but Plaintiff refused to participate in the investigation.

67. As its sixth affirmative defense, Stewart alleges that Plaintiff's claim for damages is barred, in whole or in part, to the extent that she failed to reasonably mitigate her damages,

and Stewart is entitled to a set-off against Plaintiff's claim for damages in the amount that Plaintiff did or could have earned through reasonable efforts.

68. As its seventh affirmative defense, Stewart alleges that Stewart has made good faith efforts to prevent discrimination in its workplace and cannot be liable for punitive damages, to the extent that the challenged employment decisions were contrary to its efforts to comply with discrimination statutes. Specifically, Stewart maintains and informs its employees of its equal employment opportunity and anti-discrimination policies, which strictly prohibit discrimination, harassment, or retaliation of any kind. Furthermore, Stewart attempted to investigate Plaintiff's allegations but Plaintiff refused to participate in the investigation.

69. As its eighth affirmative defense, Stewart alleges that all acts taken by it or anyone acting on its behalf were just, fair, privileged, with good cause, in good faith, without malice or intent to discriminate, and for lawful and legitimate, non-discriminatory, non-retaliatory reasons. Specifically, notwithstanding Plaintiff's age and alleged protected activity, Plaintiff was laid off as part of a regular reduction in force, which included several other Stewart employees, based on Stewart's reduced demand for labor and Plaintiff's location, cost and conduct during her employment.

70. As its ninth affirmative defense, Stewart alleges that Plaintiff's harassment claim and any associated damages claim is barred because Plaintiff unreasonably failed to timely notify Stewart of the alleged sexual harassment until she already had been removed from the client file associated with that harassment and failed to otherwise avoid harm.

71. As its tenth affirmative defense, Stewart alleges that Plaintiff's claims are barred and/or limited by the after-acquired evidence doctrine, to the extent that discovery shows she

engaged in misconduct prior to, during, after, or in connection with her employment, that otherwise would have resulted in her discharge if Stewart had then known of that conduct.

WHEREFORE, having answered the Complaint, the Defendant, STEWART TITLE GUARANTY COMPANY, respectfully requests that this Court enter judgment in its favor and award it such other and further relief as this Court deems just and proper.

## CERTIFICATE OF SERVICE

**WE HEREBY CERTIFY** that on this 11th day of January 2018, we electronically filed the foregoing document with the Clerk of the Court using CM/ECF. We also certify that the foregoing document is being served this day on all counsel of record identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

Respectfully submitted,

LITTLER MENDELSON, P.C.
*Counsel for Defendant*
Wells Fargo Center, Suite 2700
333 S.E. 2nd Avenue
Miami, Florida 33131-2187
Telephone: (305) 400-7500
Facsimile: (305) 603-2552

By: /s/ *Stefanie M. Mederos*
Jonathan A. Beckerman, Esq.
Florida Bar No. 568252
E-mail: jabeckerman@littler.com
Stefanie M. Mederos, Esq.
Florida Bar No. 12041
E-mail: smederos@littler.com

## SERVICE LIST

Darrin M. Phillips
Phillips Law Firm
350 5th Avenue South, Suite 200
Naples, Florida 34102
Tel. (239) 262-7748
Fax (239) 262-7144
E-mail: DMP@PhillipsLawFL.com