UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

SUSAN CURLEY,

    Plaintiff,

v.                                                            Case No: 2:18-cv-9-FtM-99CM

STEWART TITLE GUARANTY
COMPANY,

    Defendant.

## ORDER

This matter comes before the Court upon review of Plaintiff's Motion to Extend Discovery and All Trial and Pretrial Deadlines filed on October 5, 2018. Doc. 16. Plaintiff requests a 90-day extension of the remaining deadlines in the Case Management and Scheduling Order ("CMSO") due to delays in discovery and ongoing discovery disputes. *Id.* at 1-4. Defendant filed a response in partial opposition on October 8, 2018. Doc. 18. Defendant agrees that the remaining deadlines in the CMSO should be extended, but requests that the Court extend the time for written discovery by thirty days, depositions by sixty days, and all other deadlines by sixty days. *Id.* at 1. For the reasons stated below, Plaintiff's motion is granted.

Rule 16 requires a showing of good cause for modification of a court's scheduling order. Fed. R. Civ. P. 16(b)(4). "The diligence of the moving party should be considered in determining whether there is good cause to extend a deadline." *Jozwiak v. Stryker Corp.*, No. 6:09-cv-1985-Orl-19GJK, 2010 WL 743834, at *2 (M.D. Fla. Feb. 26, 2010). In other words, the moving party must demonstrate

it could not meet the deadline despite its diligent efforts. *Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1418 (11th Cir. 1998); *Idearc Media Corp. v. Kimsey & Assocs., P.A.*, No. 807-CV-1024-T-17EAJ, 2009 WL 413531, at *2 (M.D. Fla. Feb. 18, 2009). District courts have broad discretion (1) when managing their cases, including discovery and scheduling; and (2) in applying their local rules. *Johnson v. Bd. of Regents of Univ. of Ga.*, 263 F.3d 1234, 1269 (11th Cir. 2001); *see Reese v. Herbert*, 527 F.3d 1253, 1267-68 (11th Cir. 2008); *Johnson v. England*, 350 F. App'x 314, 315-16 (11th Cir. 2009).

Here, Plaintiff seeks to extend the discovery deadline and subsequent trial and pre-trial deadlines[1] in the CMSO (Doc. 15) by ninety days, as indicated below:

|  | CMSO Deadline | Proposed Deadline |
|---|---|---|
| **Mediation** | November 5, 2018 | February 4, 2019 |
| **Discovery Deadline** | October 5, 2018 | January 3, 2019 |
| **Dispositive Motions, *Daubert* Motions and *Markman* Motions** | November 12, 2018 | February 11, 2019 |
| **Meeting *In Person* to Prepare Joint Final Pretrial Statement** | December 21, 2018 | March 21, 2019 |
| Joint Final Pretrial Statement (Including a Single Set of Jointly Proposed Jury Instructions and Verdict Form (a Word version should also be e-mailed to the Chambers e-mail address listed on the Court's website), Voir Dire Questions, Witnesses Lists, and Exhibit Lists on Approved Form found on the Court's website) | December 31, 2018 | April 1, 2019 |

---

[1] Plaintiff requests an extension of the October 5, 2018 discovery deadline and "all other trial and pre-trial deadlines[.]" Doc. 16 at 6. Plaintiff does not reference the deadlines that have already passed, however, and Defendant agrees to at least some extension of all deadlines that have not yet passed. Doc. 18 at 3. Thus, the Court construes Plaintiff's request as a request to extend the discovery deadline and all other deadlines that have not yet passed.

| All Other Motions (including motions *in limine*) and Trial Briefs (non-jury trials) | January 21, 2019 | April 22, 2019 |
| Final Pretrial Conference | March 18, 2019 | To be determined by Court based on deadlines above |
| Trial Term | April 1, 2019 | To be determined by Court based on deadlines above |

Plaintiff argues good cause exists because Defendant provided insufficient discovery answers in response to Plaintiff's initial written discovery (served on April 27, 2018), objected to providing basic information, and only began producing responsive documents on August 31, 2018, about a month before the discovery deadline. *See id.* at 3-4; Doc. 15. Plaintiff states Defendant produced hundreds of additional and inappropriately redacted documents as late as October 4, 2018. Doc. 16 at 4. Plaintiff argues she has been "very diligent" in prosecuting the case but has been unable to schedule any depositions due to the "extensive delay" in obtaining complete discovery responses from Defendant. *Id.* at 5. Defendant agrees that extensions are needed but not to the extent requested by Plaintiff. Doc. 18 at 1. Defendant claims Plaintiff could have scheduled depositions despite the lack of complete discovery answers and notes that Plaintiff failed to include a memorandum of law with the motion. *Id.* at 2-3. Defendant also filed a motion to compel on October 5, 2018, seeking an order compelling Plaintiff to produce responsive documents to certain requests for production. *See generally* Doc. 17.

Given the extensive delays in discovery for which both parties appear partly responsible, the upcoming federal holidays and the fact that Defendant agrees at

least some extensions are appropriate, the Court finds good cause to extend the discovery deadline and the remaining CMSO deadlines that have not yet passed by 90 days. Due to the procedural posture of the case and the nature of the relief requested, the Court also finds good cause to excuse Plaintiff's failure to include a memorandum of law required by Local Rule 3.09.

ACCORDINGLY, it is

**ORDERED:**

1. Plaintiff's Motion to Extend Discovery and All Trial and Pretrial Deadlines (Doc. 16) is **GRANTED**.

2. An amended case management and scheduling order will be issued by separate Order.

**DONE** and **ORDERED** in Fort Myers, Florida on this 26th day of October, 2018.

CAROL MIRANDO
United States Magistrate Judge

Copies:
Counsel of record