SUSAN CURLEY,

       Plaintiff,

v.                          Case No: 2:18-cv-9-FtM-99CM

STEWART TITLE GUARANTY
COMPANY,

       Defendant.

---

## ORDER

This matter comes before the Court upon review of three pending motions: Defendant's Motion to Compel Plaintiff to Produce Documents Responsive to Request Nos. 6, 9, 10, and 62; Plaintiff's First Motion to Compel and Incorporated Memorandum of Law; and Plaintiff's Second Motion to Compel and Incorporated Memorandum of Law. Docs. 17, 22, 26. Plaintiff filed a response in opposition to Defendant's motion and Defendant filed responses in opposition to Plaintiff's motions. Docs. 19, 25, 28. For the reasons stated below, Defendant's motion is denied as moot, Plaintiff's first motion is granted in part and denied in part, and Plaintiff's second motion is denied without prejudice.

### I.   Background

Plaintiff Susan Curley filed this case against Defendant Stewart Title Guaranty Company on November 30, 2017 in the Circuit Court for the Twentieth Judicial Circuit in Collier County, Florida. Doc. 2. Defendant removed the case to this Court on January 5, 2018. Doc. 1. The Complaint alleges retaliation under

Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et. seq.*; age discrimination in violation of the Age Discrimination in Employment Act, 29 U.S.C. § 621 *et. seq.*; and retaliation and age discrimination under the Florida Civil Rights Act, Fla. Stat. § 760.01 *et. seq.* Doc. 2 ¶¶ 23-60. In summary, Plaintiff alleges Defendant hired her in 2009 as an Agency Service Manager and terminated her in 2016, despite that she met or exceeded Defendant's "legitimate" expectations throughout her employment. *Id.* ¶¶ 6-7, 14. In the spring of 2016, Plaintiff allegedly had multiple interactions with the representative of an account she was assigned to, during which the representative behaved inappropriately and made offensive comments. *See id.* ¶¶ 8-9.

On July 21 and 25, 2016, Plaintiff complained to her supervisor, Jay Reed, about the offensive conduct, and Reed told Plaintiff he would do his "due diligence" and get back to her. *See id.* ¶¶ 10-12. After receiving no response for several weeks, Plaintiff contacted Defendant's HR department on August 11, 2016 to check on the status of her complaint. *Id.* ¶ 13. Defendant terminated Plaintiff's employment on August 15, 2016, and allegedly replaced Plaintiff with someone "significantly younger[.]" *Id.* ¶ 14. In its answer, Defendant admits that it terminated Plaintiff's employment but claims it terminated Plaintiff "as part of a regular reduction in force, which included Plaintiff and several other employees in her position, without regard to Plaintiff's age or any alleged protected activity." Doc. 6 ¶ 62.

On April 4, 2018, the Court entered a Case Management and Scheduling Order ("CMSO") setting the discovery deadline for October 5, 2018; the dispositive motions deadline for November 12, 2018; the mediation deadline for November 5, 2018; and a trial term beginning April 1, 2019. Doc. 15. On the day of the discovery deadline, October 5, 2018, Defendant filed its motion to compel, and Plaintiff filed a Motion to Extend Discovery and All Trial and Pretrial Deadlines. Docs. 16, 17. Plaintiff requested to extend the CMSO deadlines by 90 days because Defendant produced its discovery responses late and in redacted form, due in part to the parties spending several months negotiating the language of a confidentiality agreement, and Plaintiff could conduct no depositions before the deadline. *See* Doc. 16 at 3-4.

Defendant agreed that certain deadlines should be extended but opposed Plaintiff's request to extend the deadlines by 90 days, arguing that Plaintiff's failure to notice depositions was her own fault and Defendant attempted to cooperate in discovery despite "impediments" caused by Plaintiff. Doc. 18 at 4-7. The Court granted the motion and extended the deadlines by 90 days, extending the discovery deadline to January 3, 2019. Docs. 20, 21. Plaintiff thereafter filed her two motions to compel, on November 9 and December 11, 2018. Docs. 22, 26. On December 27, 2018, Plaintiff filed a supplement to her second motion to compel. Doc. 29.

## II.    Discussion

Rule 26(b)(1) of the Federal Rules of Civil Procedure defines the scope of permissible discovery:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs

of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1). Rule 26(b)(2) requires the court to limit the frequency or extent of discovery where:

(i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive;

(ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or

(iii) the proposed discovery is outside the scope permitted by Rule 26(b)(1).

Fed. R. Civ. P. 26(b)(2)(C). Rule 33 allows a party to serve on another party interrogatories, and the responding party must respond or properly object to each interrogatory propounded. Fed. R. Civ. P. 33(b). Rule 34 allows a party to serve on any other party a request to produce within the scope of Rule 26(b). Fed. R. Civ. P. 34(a). A request for production must state "with reasonable particularity each item or category of items to be inspected." Fed. R. Civ. P. 34(b)(1)(A). Rule 34 provides that "[t]he party to whom [a] request [to produce] is directed must respond in writing within 30 days after being served" unless the parties stipulate or the court orders otherwise. Fed. R. Civ. P. 34(b)(2)(A). Under Rule 37, if a party fails to respond to a request for production or interrogatory, the party seeking the discovery may move to compel a response. Fed. R. Civ. P. 37(a). Whether or not to grant a motion to

compel is within the discretion of the district court.  *Commercial Union Ins. Co. v. Westrope*, 730 F.2d 739, 731 (11th Cir. 1984).

### A.    *Defendant's motion to compel*

Defendant requests an order compelling Plaintiff to produce documents responsive to requests 6, 9, 10 and 62 of its First Requests for Production, including "correspondence she sent to or received from Defendant's employees and agencies Defendant serviced, and her social media posts."  Doc. 17 at 1.  Defendant states Plaintiff has produced some, but not all responsive documents and admitted in her deposition testimony she has not searched for many responsive documents.  *Id.*  Defendant seeks to compel production of these documents:

> **REQUEST 6**: All Documents relating to your employment with Defendant and separation thereof, including, but not limited to, personnel Documents, evaluations, job descriptions, policy and procedures manuals, any other manuals, and Documents describing your duties and responsibilities as an employee of Defendant.
>
> **RESPONSE**: Offer of employment and compensation plan will be provided.
>
> **REQUEST 9**: All Documents, correspondence and communications between you and any current or former director, officer, agent, or employee of Defendant.
>
> **RESPONSE**: Emails will be provided.
>
> **REQUEST 10**: All Documents received by you and from any current or former director, officer, agent or employee of Defendant.
>
> **RESPONSE**: E-mails, offer of employment and compensation plan will be provided.
>
> **REQUEST 62**: All social media, text and/or e-mail communications exchanged between you and any current or prior employees of Defendant from January 1, 2013 to the present concerning your

termination, and the account referenced in Paragraph No. 8 of the Complaint.

**RESPONSE**: Emails will be provided.

Doc. 17 at 4-8.  Defendant represents that Plaintiff failed to produce correspondence between Plaintiff and Defendant's employees from during and after her employment; correspondence between Plaintiff and agencies Defendant serviced, from during and after her employment; and social media exchanges and posts from during and after her employment.  *Id.* at 3.  Defendant notes that Plaintiff failed to properly raise any objections to the requests and asks the Court to compel Plaintiff to produce any unproduced responsive documents.  *Id.* at 3, 9.

Plaintiff responds that she has produced, or was producing, all responsive documents in her possession, custody or control.  Doc. 19 at 1.  Plaintiff argues that Defendant never requested all correspondence between Plaintiff and agencies she serviced but only correspondence with the agency referenced in the Complaint, which Plaintiff has produced.  *Id.* at 2.  Plaintiff further argues that her counsel assured Defendant's counsel that Plaintiff would search her computer for responsive emails, and states that "[a]ll emails to/from Plaintiff's personal email accounts dealing with [Defendant] business, in Plaintiff's possession . . . are being produced."  *Id.* at 5 n.4.

As to social media and text messages, Plaintiff states she is not aware of any social media exchanges between herself and any employees of Defendant and is not in possession of any responsive text messages.  *Id.* at 5.  Thus, Plaintiff represents that when she filed her response, she had produced all emails in her possession and "[o]ther than these emails, and relevant tax returns that Plaintiff has also agreed to

produce," the documents Plaintiff previously produced comprise all responsive documents in her possession. *Id.* at 6. Finally, Plaintiff notes that request 6 does not request production of any correspondence between Plaintiff and anyone else. Doc. 19 at 4.

The Court finds Plaintiff's responses to the requests for production are incomplete and demonstrate that Plaintiff failed to make a "diligent effort to provide a response that (i) fairly meets and complies with the discovery request and (ii) imposes no unnecessary burden or expense on the requesting party." Middle District Discovery (2015) at 5; *see also Giroux v. Kangamiut Contractors ApS*, No. 3:10-cv-35-J-37JBT, 2011 WL 3702422, at *1 (M.D. Fla. Aug. 22, 2011). As Plaintiff's counsel now affirmatively represents that Plaintiff has produced or was producing all emails in her possession, custody, or control, and Plaintiff has "stated specifically" that she has no other responsive documents, the Court finds Defendant's motion to compel is moot, despite Defendant's assertion that Plaintiff may have been withholding responsive information at one time. *See* Middle District Discovery (2015) at 12; *Wachovia Fin. Srvs., Inc. v. Birdman*, No. 09-81252-MARRA/JOHNSON, 2010 WL 11506044, at *8 (S.D. Fla. Sept. 27, 2010) (finding speculation that opposing party is withholding information, without more, is insufficient to support an order compelling discovery). Thus, Defendant's motion will be denied.

### B. *Plaintiff's first motion to compel*

In her first motion to compel, Plaintiff requests the Court compel Defendant to amend her response to interrogatory 8 of her First Set of Interrogatories and produce

information responsive to requests 1, 2, 3, 4, 5, 13, 14, 15, 16, 18, 31, 32, 33, 34, and 36 of her First Requests for Production. Doc. 22 at 1-2. Plaintiff argues the information requested relates to a key issue, namely, whether Defendant terminated Plaintiff as part of a *bona fide* reduction in force. *Id.* at 6.

i. Interrogatory 8 and the adverse impact analysis

Plaintiff requests the Court compel Defendant to supplement its response to the following interrogatory:

> **INTERROGATORY 8**: To the extent that you allege that Plaintiff "was laid off as part of a regular reduction in force, which included Plaintiff and several other employees in her position, without regard to Plaintiff's age or any alleged protected activity" as stated in your Answer and Affirmative Defenses, please identify all other employees that were considered or evaluated for inclusion in the reduction in force, including the person's name, gender, date of birth, address, telephone number, the person's title/position, region in which they were employed and dates of employment with Defendant.

> **RESPONSE**: Defendant objects to Interrogatory No. 8 on the grounds that it seeks information which is protected by the privacy interests of non-parties to this action. Defendant further objects to Interrogatory No. 8 on the grounds that it is overly broad and not reasonably limited in scope, in that it is not limited to the Agency Services Managers considered for inclusion in the reduction in force. Notwithstanding, and in attempt to provide the non-objectionable information which Defendant understands Plaintiff seeks in Interrogatory No. 8 while balancing the privacy interests of those non-parties, Defendant states as follows:[1]

---

[1] Plaintiff does not include the full response in the motion but attaches it as an exhibit. *See* Doc. 22 at 6; Doc. 22-4 at 11-12. In the response, Defendant lists the requested information pertaining to the eight employees Defendant states were considered for the reduction in force: Liz DeQuesada, Gloria Prinz, Annette Ahlers, Amber Montero, Vicki Campbell, Plaintiff, Tracy Pace, and Ron Rentz. Doc. 22-4 at 11. The response states that of the eight, Defendant terminated Plaintiff, Vicki Campbell, Tracy Pace and Ron Rentz. *Id.*

Doc. 22 at 6.    Plaintiff states that Defendant listed only 8 Agency Service Managers and Agency Sales Representatives in Florida and argues that other relevant employees were not listed.    *Id.* at 6-7.    Attached to the motion is an "adverse impact analysis"[2] ("AIA") Defendant produced in discovery, which Plaintiff claims shows that more employees were considered as part of the reduction in force, including employees outside Florida, and Defendant did not list them in response to interrogatory 8.    *Id.* at 7; Doc. 22-8.    Plaintiff also requests the AIA in its native format, and "all other similar spreadsheets or computer based reports," as the PDF format is "difficult to work with" and requires printing out the pages.    Doc. 22 at 8. Finally, Plaintiff requests the AIA be produced with all employee home addresses, phone numbers, expenses, and pay rates un-redacted.    *Id.*

Defendant responds that the 8 individuals in its response to interrogatory 8 are the only individuals Defendant considered for the reduction in force, and its interrogatory response is complete and accurate.    Doc. 25 at 2, 11.    Defendant further argues that much of Plaintiff's requests, including its request to supplement interrogatory 8, are based on Plaintiff's misunderstanding of the AIA.    *Id.* at 8. Defendant explains the AIA shows Defendant compared the demographics of all employees in Florida before and after the reduction in force.    *Id.* at 9.    The AIA demonstrates Defendant excluded employees outside Florida from its demographic analysis; and of the Florida employees, only 8 were considered and evaluated for the

---

[2] An adverse impact analysis is used to study whether a reduction in force will have a disparate impact on one or more protected groups of employees.    Doc. 25 at 8.

reduction in force.  *Id.*  Defendant further argues Plaintiff filed her motion to compel without first attempting to understand the AIA by serving supplemental discovery, taking depositions or otherwise.[3]  *Id.* at 11.

As an initial matter, the Court will deny Plaintiff's request that Defendant supplement its response to interrogatory number 8.  The response to interrogatory 8 appears to be complete and accurate based on Defendant's explanation of the AIA.  *See id.*  Specifically, the AIA does not show that more than the 8 named employees were "considered or evaluated for inclusion in the reduction in force," but rather that more than those 8 employees were included in an overall demographic analysis of whether the reduction in force would adversely impact a protected group.  *See id.*  As to production in native format and un-redacted, the Court will not order production in native format but will compel production of the AIA with employee expenses and pay rates un-redacted.  *See* Doc. 22 at 8.

Rule 34 of the Federal Rules of Civil Procedure provides:

> If a request does not specify a form for producing electronically stored information, a party must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms[.]

Fed. R. Civ. P. 34(b)(2)(E)(ii).  Further, "a responding party need not provide discovery or electronically stored information from sources that the responding party identifies as not reasonably accessible because of undue burden or cost."  *U & I Corp.*

---

[3] Defendant claims Plaintiff has yet to notice or conduct a single deposition since discovery commenced in April 2018.  Doc. 25 at 11; *see* Doc. 15 at 1.

*v. Advanced Medical Design, Inc.*, No. 8:06-CV-2041-T-17EAJ, 2008 WL 821993, at *7 (M.D. Fla. Mar. 26, 2008) (citing Rule 26(b)(2)(B)).

Here, Plaintiff has not shown that in her requests for production she requested production of electronically stored information, including the AIA, in any specific format. The parties agreed in their Case Management Report ("CMR") to produce ESI "in a commercially reasonable manner" and that the responding party could even produce printed copies of electronically stored documents. *See* Doc. 14 at 6. Further, the parties agreed that if the receiving party in good faith believes that the printed format of a produced document does not allow the party to review the document adequately, it may request an electronic copy. *Id.* The CMR does not provide that a party may request a document in its native format if a different electronic format is not sufficient.

Further, Plaintiff has not shown that she cannot adequately review the AIA in PDF format, and it is unclear why Plaintiff must print out the AIA to review it. Thus the Court finds the PDF format of the AIA and other spreadsheets attached to Plaintiff's motion is "reasonably usable" and will not require Defendant to produce the AIA or other spreadsheets in native format. *See* Doc. 22 at 8; Fed. R. Civ. P. 34(b)(2)(E)(ii); *In re Priceline.com Inc. Sec. Litig.*, 233 F.R.D. 88 (D. Conn. 2005).

The Court will require Defendant to produce the AIA un-redacted, however, except for employee addresses, dates of birth and social security numbers, which may remain redacted. Although Defendant produced pay rate and other information as to the 8 employees considered and evaluated for the reduction in force, that

information as to the rest of the employees in the AIA may relate to determining the context of the selection of employees for inclusion in the reduction in force and ultimately whether the terminations were part of a legitimate reduction in force. *See* Doc. 22 at 8; *Margolis v. Public Health Trust of Miami-Dade County*, 89 F. Supp. 3d 1343, 1352 (S.D. Fla. 2015). Further, the Court finds the request for the unredacted AIA is narrowly tailored, proportional to the needs of the case, and not overbroad. *See* Fed. R. Civ. P. 26(b)(1).

> ii.     Requests 1, 36, 2, 3, 4, 5, and 18

Plaintiff further requests an order compelling documents responsive to requests 1, 36, 2, 3, 4, 5, and 18 of its First Requests for Production. Doc. 22 at 9-14, 18. For requests 1 and 36, Plaintiff requests all Defendant's personnel policies reflected in Exhibit L attached to her motion. Doc. 22 at 9-10; *see* Doc. 22-12. For requests 2 and 3, Plaintiff requests her personnel file and documents relating to Plaintiff's job performance, awards given to Plaintiff, or discipline of Plaintiff, including certain "Magnificent Manager" awards she received. Doc. 22 at 10-11. For requests 4 and 5, Plaintiff seeks the personnel files for the individuals in Defendant's response to interrogatory 8 and other documents relating to their job performance, awards, or discipline. *Id.* at 11-12. Plaintiff also seeks "Change/Job" forms for the individuals, which she believes are included in their personnel files. *Id.* at 13. Finally, for request 18, Plaintiff seeks Jay Reed's cell phone records for July 2016. *Id.* at 18.

In response, Defendant represents it has now produced all the policies in Exhibit L responsive to requests 1 and 36. Doc. 25 at 13. For requests 2 and 3, Defendant states it has produced Plaintiff's personnel file and produced all documents responsive to requests 2 and 3 that it is aware of, including emails related to the Magnificent Manager awards Plaintiff referenced. *Id.* Next, for requests 4 and 5, Defendant responds that it has produced all responsive documents that the parties agreed upon after conferring regarding the requests, which were limited to "resumes, applications, performance reviews and disciplinary records." *Id.* at 14.

Defendant further argues certain "Change/Job" forms Plaintiff referenced in her motion are not part of Defendant's personnel files and not responsive to the requests, and Defendant already provided the information contained in those forms. *Id.* at 15. Finally, for request 18, Defendant responds it has attempted to obtain Jay Reed's cell phone records but cannot.[4] *Id.* at 17-18. Thus, based on Defendant's representations the Court finds that Plaintiff's motion as to requests 1, 36, 2, 3, 4, 5, and 18 is moot.[5]

---

[4] In its response to Plaintiff's Second Motion to Compel, Defendant states that it attempted to informally obtain Jay Reed's work cell phone records to respond to the request, and also subpoenaed AT&T for the records, but was unable to obtain them. Doc. 28 at 9. Defendant also notes that Plaintiff is "fully able to take a deposition of Mr. Reed and ask him for that information" if she requires it. *Id.* n. 23.

[5] Defendant notes that Plaintiff's request to compel personnel files responsive to requests 4 and 5, seeking the files of all individuals identified in response to interrogatory number 8, could be construed as a request for an order compelling production of the personnel files of all individuals in the AIA, when taken in conjunction with Defendant's request that Plaintiff amend her response to the interrogatory. *See* Doc. 22 at 16. To the extent Plaintiff is requesting such production, that request is denied as overbroad and not proportional to the needs of the case, as the unredacted AIA listing pay rates together with the responsive personnel file documents for the individuals listed in interrogatory 8, should give sufficient context for the selection of the 8 individuals for evaluation.

iii.    Requests 13, 14, 15, and 16

Next, Plaintiff requests these documents responsive to requests 13, 14, 15, and

16:

**REQUEST 13**: All documents reflecting the names and addresses of all of Plaintiff's agent accounts from 2014-2016.

**RESPONSE**: Defendant objects to Request No. 13 on the grounds that it seeks or could reasonably be construed to seek documents which are protected by the attorney client privilege and/or work product doctrine. Defendant further objects to Request No. 13 on the grounds that it is overly broad, unduly burdensome and not reasonably limited in scope. Defendant further objects to Request No. 13 on the grounds that is seeks documents which are confidential and proprietary, and which are subject to the privacy rights of non-parties to this action. Notwithstanding, *see* Response to Request No. 13.

**REQUEST 14**: All documents reflecting the names and addresses of all of the agent accounts of persons identified by you in response to Plaintiff's Interrogatory No. 8 from 2014-2016.

**RESPONSE**: Defendant objects to Request No. 14 on the grounds that it seeks or could reasonably be construed to seek documents which are protected by the attorney client privilege and/or work product doctrine. Defendant further objects to Request No. 14 on the grounds that it is overly broad, unduly burdensome and not reasonably limited in scope. Defendant further objects to Request No. 14 on the grounds that is seeks documents which are confidential and proprietary, and which are subject to the privacy rights of non-parties to this action. Notwithstanding, Defendant shall produce a list of the accounts serviced by the employees identified in Defendant's Response to Interrogatory No. 8 as of July 22, 2016 pursuant to the Parties' Confidentiality Stipulation.

**REQUEST 15**: All documents reflecting the names and addresses of all new Florida agents that were signed up by Plaintiff from January 1, 2016 to August 15, 2016.

**RESPONSE**: Defendant objects to Request No. 15 on the grounds that it seeks or could reasonably be construed to seek documents which are protected by the attorney client privilege and/or work product doctrine. Defendant further objects to Request No. 15 on the grounds that it is

overly broad, unduly burdensome and not reasonably limited in scope. Defendant further objects to Request No. 15 on the grounds that is seeks documents which are confidential and proprietary, and which are subject to the privacy rights of non-parties to this action. Nevertheless, Defendant understands the non-objectionable portion of Request No. 15 to seek and it already is producing a list of the number of new Florida agents signed up in Response to Request No. 6 pursuant to the Parties' Confidentiality Stipulation.

**REQUEST 16**: All documents reflecting the names and addresses of all new Florida agents that were signed up by all persons identified by you in response to Plaintiff's Interrogatory No. 8 from January 1, 2016 to August 15, 2016.

**RESPONSE:** Defendant objects to Request No. 16 on the grounds that it seeks or could reasonably be construed to seek documents which are protected by the attorney client privilege and/or work product doctrine. Defendant further objects to Request No. 16 on the grounds that it is overly broad, unduly burdensome and not reasonably limited in scope. Defendant further objects to Request No. 16 on the grounds that is seeks documents which are confidential and proprietary, and which are subject to the privacy rights of non-parties to this action. Nevertheless, Defendant understands the non-objectionable portion of Request No. 16 to seek and it already is producing a list of the number of new Florida agents signed up in Response to Request No. 6 pursuant to the Parties' Confidentiality Stipulation.

Doc. 22 at 14-17. As to request 13, Plaintiff argues Defendant's response is insufficient due to its failure to identify responsive documents produced and asks the Court to compel Defendant to produce a spreadsheet listing all agency accounts serviced by Plaintiff through August 15, 2016. *Id.* at 15. For request 14, Plaintiff argues Defendant provided a list of agency accounts that was similarly not updated through 2016. *Id.* at 15-16. As to responses 15 and 16, Plaintiff argues that Defendant's response to requests 15 and 16 consisted solely of an email dated August 15, 2016 listing the number of agents signed by each Agency Service Manager in the Southeast Region since January 1, 2016 and is not sufficient. *Id.* at 17. Finally,

Plaintiff states Defendant indicated it would be producing further documentation responsive to requests 15 and 16. *Id.*

Defendant responds requests 13, 14, 15, and 16 are overbroad and unduly burdensome and that Defendant has produced a reasonable scope of responsive documents. Doc. 25 at 16. Defendant argues that in responding to the requests, Defendant produced lists of the agencies serviced by the 8 relevant employees and certain backup documentation; a list of agents serviced by the 8 employees created on July 21, 2016;[6] an August 15, 2016 email listing the new agencies signed up in Florida from January 1, 2016 to August 15, 2016 and backup documentation; and a spreadsheet of Florida agencies signed up from January 1, 2016 to August 15, 2016. *Id.* at 17. Finally, Defendant states its response to request 13 was meant instead to refer to the response to request 14. *Id.*

When a party raises an objection to a discovery request, and then answers the question "subject to" or "without waiving" the objection, the Court is reluctant to sustain the objection. *Pepperwood of Naples Condominium Ass'n, Inc. v. Nationwide Mut. Fire Ins. Co.*, No. 2:10-cv-753-FtM-36SPC, 2011 WL 4382104, at *4 (M.D. Fla. Sept. 20, 2011) (citing *Mann v. Island Resorts Development, Inc.*, 2009 WL 6409113, at *2-3 (N.D. Fla. Feb. 21, 2009)). Rule 34 states that a responding party must state in writing what documents it will produce, and that if objection is made to part of the request, specify the part objected to and permit inspection of the rest. *See* Fed. R.

---

[6] Defendant states it is attempting to create a list of agents serviced as of August 15, 2016 but may not be able to because of the reallocation of agents following the terminations and the corresponding updates in Defendant's system. Doc. 25 ay 17 n.23.

Civ. P. 34(b)(2). Thus, although courts disfavor the practice of objecting to a request and answering "subject to" the objection, the rules permit a party to object to part of a request, specifying the reasons therefor, and answer the non-objectionable parts of the request. *See id.*; *Pepperwood*, 2011 WL 4382104 at *4; *Consumer Electronics Association v. Compras and Buys Magazine, Inc.*, 2008 WL 4327253, at *2 (S.D. Fla. Sept. 18, 2008).

Here, Defendant has served responsive documents to Plaintiff but also raises objections the requests are overbroad and unduly burdensome; may be protected by attorney client privilege or the work product doctrine; are vague and ambiguous; and seek documents that are confidential and proprietary. *See* Doc. 22 at 14, 16-17. The Court finds Defendant has not sufficiently identified why the requested documents are covered by attorney client privilege or which documents may be confidential and proprietary, and overrules those objections. Plaintiff's requests, however, are overbroad and vague. The four requests ask for "[a]ll documents reflecting the names and addresses" of various agent accounts from 2014-2016. *See* Doc. 22 at 14, 16-17. As Defendant argues, this language suggests Plaintiff is seeking any documents in Defendant's possession containing the names and addresses of those agencies. *See* Doc. 25 at 16. Defendant has produced responsive documents that list the agencies requested by Plaintiff. *See id.* at 16-17. Thus, the Court will deny the motion to compel as to these requests. Finally, as noted, the Court will not require the production of the spreadsheets produced by Plaintiff in

native format. *See* Fed. R. Civ. P. 34(b)(2)(E)(ii); *In re Priceline.com Inc. Sec. Litig.*, 233 F.R.D. 88 (D. Conn. 2005).

iv.    Requests 31, 32, 33, and 34

Plaintiff next requests that the Court compel production of documents for these requests:

**REQUEST 31**: All emails and other communications between Jay Reed and Defendant's Human Resources Department regarding Plaintiff's allegations of sexual harassment.

**RESPONSE**: Defendant objects to Request No. 31 on the grounds that it seeks or could reasonably be construed to seek documents which are protected by the attorney client privilege and/or work product doctrine. Defendant further objects to Request No. 31 on the grounds that it is not reasonably limited in time. Finally, Defendant objects to Request No. 31 on the grounds that the term "communications", as defined in Plaintiff's Definitions, renders it vague and ambiguous. Notwithstanding, *see* Response to Request No. 32.

**REQUEST 32**: All emails and other communications between Jay Reed and any of Defendant's employees regarding Plaintiff's allegations of sexual harassment.

**RESPONSE**: Defendant objects to Request No. 32 on the grounds that it seeks or could reasonably be construed to seek documents which are protected by the attorney client privilege and/or work product doctrine. Defendant further objects to Request No. 32 on the grounds that it is not reasonably limited in time. Finally, Defendant objects to Request No. 32 on the grounds that the term "communications", as defined in Plaintiff's Definitions, renders it vague and ambiguous. Notwithstanding, Defendant shall produce documents of which it is aware and which it has identified (*i.e.*, e-mails between Jennifer Johnson, Jay Reed and Patrick Beall) concerning Plaintiff's allegations of sexual harassment pursuant to the Parties' Confidentiality Stipulation.

**REQUEST 33**: All emails and other communications between Defendant's employees regarding any investigation into Plaintiff's allegations of sexual harassment.

**RESPONSE**: Defendant objects to Request No. 33 on the grounds that it seeks or could reasonably be construed to seek documents which are protected by the attorney client privilege and/or work product doctrine. Defendant further objects to Request No. 33 on the grounds that it is not reasonably limited in time. Finally, Defendant objects to Request No. 33 on the grounds that the term "communications", as defined in Plaintiff's Definitions, renders it vague and ambiguous.

**REQUEST 34**: Any and all correspondence, notes, records or other documents which reflect, support or evidence any investigation into Plaintiff's allegations of sexual harassment.

**RESPONSE:** Defendant objects to Request No. 34 on the grounds that it seeks or could be reasonably construed to seek documents which are protected by the attorney client privilege and/or work product doctrine. Defendant further objects to request No. 33 on the grounds that it is not reasonably limited in time. Finally, Defendant objects to Request No. 34 on the grounds that the phrase "documents which reflect, support or evidence" renders it vague and ambiguous.

Doc. 22 at 19-20. Plaintiff argues the information requested is highly relevant, as Defendant says it investigated Plaintiff's sexual harassment allegations and drafted an investigative report. *Id.* at 20. Plaintiff states as of the filing of the motion, Defendant had provided no responsive documentation. *Id.* Defendant responds it has now produced "all non-privileged correspondence" responsive to requests 31 and 32. Doc. 25 at 18. As to requests 33 and 34, Defendant argues that any documents responsive to the requests are protected by the attorney-client and work product privileges "because the investigation into Plaintiff's sexual harassment allegations was performed at the direction of Defendant's counsel after Plaintiff threatened litigation." *Id.* at 19 (emphasis in original). Defendant requests that, if the Court "disagrees with the Defendant's objections . . . [the Court] specify a reasonable

timeframe for the Requests, so that Defendant can list the responsive documents on a Privilege Log." *Id.* at 19 n.28.

When a party withholds information or documents otherwise discoverable by claiming attorney-client privilege or work product, the party must "describe the nature of the documents, communications, or tangible things not produced or disclosed . . . without revealing information itself privileged or protected." Fed. R. Civ. P. 26(b)(5)(A); *see also Desoto Health & Rehab, L.L.C. v. Philadelphia Indem. Ins. Co.*, No. 2:09-cv-599-FtM-99SPC, 2010 WL 4853891, at *2 (M.D. Fla. Nov. 22, 2010). Here, Defendant violated Rule 26 because it asserted a claim of privilege without providing a privilege log or other support for the claim of privilege, aside from the general assertion that all communications and documents related to the investigation would be covered because the investigation was directed by Defendant's counsel. *See* Doc. 25 at 18-19; Fed. R. Civ. P. 26(b)(5)(A); *Desoto Health & Rehab*, 2010 WL 4853891 at *2. The Court also is not in a position to specify a "reasonable timeframe" for the requests, as Defendant has not advised the Court when any investigation began or the length of time it was conducted. *See* Doc. 25 at 19 n.28. Thus, the Court will grant the motion as to requests 31, 32,[7] 33, and 34, and require Defendant to complete a privilege log for any and all outstanding privilege claims, as set forth below.

---

[7] The Court grants the motion as to requests 31 and 32 as well because Defendant represents it has only produced relevant "non-privileged" documents responsive to those requests, and thus the Court disagrees with Defendant's contention that the requests are moot. *See* Doc. 25 at 18.

v.    Defendant's request to strike certain exhibits

Defendant requests that the Court strike from the record certain exhibits Plaintiff filed with its motion, including Exhibits A, D (at page 2), H, I, J, K, N, and O, as Plaintiff filed them in violation of the parties' confidentiality agreement.    Doc. 25 at 2 (citing Docs. 22-1, 22-4, 22-8, 22-9, 22-10, 22-11, 22-14, and 22-15). Defendant represents that on November 12, 2018, it notified Plaintiff's counsel that confidential documents were filed on the docket, but Plaintiff has not tried to remedy the situation and has not contested that the documents are confidential.    Doc. 25 at 6.    Thus, the Court will strike the documents from the record.

### C.    *Plaintiff's second motion to compel*

Plaintiff filed a second motion to compel on December 11, 2018 and filed a supplement to the motion on December 27, 2018.    Docs. 26, 29.    Plaintiff's second motion states she served her Second Set of Interrogatories and Second Request for Production on November 5, 2018.    Doc. 26 at 1.    On December 5, 2018, Defendant timely served its objections to the requests for production and interrogatories.    *Id.* at 2.    Plaintiff states she conferred with Defendant regarding the motion by asking Defendant to notify her by the close of business on December 10, 2018 whether it would withdraw its objections.    *Id.*    Plaintiff states Defendant responded that it "intend[ed] to begin production of the documents responsive" on December 11, 2018. *Id.* at 2 n.2.

Defendant responds that it has served Plaintiff with its responses to the Second Set of Interrogatories and "produced the relevant, non-privileged documents

requested in Plaintiff's Second Request for Production." Doc. 28 at 1. Defendant argues the motion should be denied for failure to comply with Local Rule 3.04 by failing to quote each interrogatory and request and the corresponding response, and failure to comply with Local Rule 3.01(g) by failing to meaningfully confer before filing the motion. *Id.* at 5.

Plaintiff's supplement to the second motion to compel advises the Court that the motion is moot as to certain requests because Defendant has provided responses. *See generally* Doc. 29. Plaintiff states that the second motion to compel is moot as to requests 30, 31, 33, 34, 35 and 37 of her Second Requests for Production. *Id.* at 2. The motion is not moot, however, as to the remaining requests for production and interrogatories and Plaintiff specifies various reasons why certain of Defendant's responses are inadequate. *See id.* at 1-2.

Middle District of Florida Local Rule 3.01(g) requires that each motion filed in a civil case, with certain enumerated exceptions not at issue here, "stat[e] whether counsel agree on the resolution of the motion." M.D. Fla. R. 3.01(g). Rule 37 of the Federal Rules of Civil Procedure states, in relevant part:

> On notice to other parties and all affected persons, a party may move for an order compelling disclosure or discovery. The motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action.

Fed. R. Civ. P. 37(a). Rule 3.04 of the Middle District of Florida Local Rules states:

> A motion to compel discovery pursuant to Rule 36 or Rule 37, Fed. R. Civ. P., shall include quotation in full of each interrogatory, question on

deposition, request for admission, or request for production to which the motion is addressed; each of which shall be followed immediately by quotation in full of the objection and grounds therefor as stated by the opposing party; or the answer or response which is asserted to be insufficient, immediately followed by a statement of the reason the motion should be granted. . .

M.D. Fla. R. 3.04(a). Neither Plaintiff's second motion to compel nor the supplement include a Rule 37 certification stating she conferred in good faith with Defendant's counsel to attempt to resolve the issues raised by the motion without court action. Further, Plaintiff's "conferral" with Defendant is insufficient and is exactly what Rule 3.01(g) discourages, i.e., "an exchange of ultimatums" by email. *See* Doc. 15 at 3. The motion and the supplement also fail to comply with Local Rule 3.04(a) by failing to quote in full each interrogatory and request for admission at issue, the response, and a statement of the reason the motion should be granted.[8] *See* M.D. Fla. R. 3.04(a).

There is no indication in the second motion to compel, the response, or the supplement that the parties meaningfully conferred about the issues raised by the motion. Therefore, the Court directs Plaintiff to meaningfully confer with Defendant about the requested relief to try to reach an agreeable resolution of the remaining discovery issues, and, if motion practice still is necessary, to refile the motion in accordance with the Local Rules. The Court expects the parties—as officers of the

---

[8] The CMSO entered on April 4, 2018 states that "[m]otions to compel and motions for a protective order **will be denied** unless the motion fully complies with M.D. Fla. R. 3.04, requiring the motion to quote in full each interrogatory, question, or request; to quote in full opposing party's objection and grounds, or response which is asserted to be insufficient; and to state the reasons the motion should be granted." Doc. 15 at 3 (emphasis added).

Court—to cooperate with each other. The parties are reminded, "[d]iscovery in this district should be practiced with a spirit of cooperation and civility." *See* Middle District Discovery (2015) at 1. From this point forward, the parties are expected to facilitate the discovery process, meaningfully confer about disputes, and engage in civil and concise motion practice when necessary. Failure to comply with these directives could result in sanctions.

### D. *Expenses and costs*

Finally, to the extent that the parties have requested expenses and costs incurred or other sanctions in filing the motions at issue in this Order, the requests are denied. *See* Doc. 17 at 9; Doc. 22 at 2; Doc. 26 at 2. Rule 37 provides that if a motion to compel is granted in part and denied in part, the Court "may . . . apportion the reasonable expenses for the motion[;]" and if a motion to compel is denied, the Court "must" require the moving party to pay the opposing party's reasonable expenses, but must not order the payment if "the motion was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(a)(5)(B), (C). Here, as the Court finds both parties are partially at fault in the discovery disputes at issue, an award of expenses would be unjust under the circumstances and the Court will not award expenses to either party.

ACCORDINGLY, it is

**ORDERED:**

1. Defendant's Motion to Compel Plaintiff to Produce Documents Responsive to Request Nos. 6, 9, 10, and 62 (Doc. 17) is **DENIED as moot.**

2.      Plaintiff's First Motion to Compel and Incorporated Memorandum of Law (Doc. 22) is **GRANTED in part and DENIED in part.**   The motion is granted to the extent that Defendant is directed to produce to Plaintiff the adverse impact analysis un-redacted as set forth in this Order and a privilege log in response to Requests 31, 32, 33, and 34 on or before **January 11, 2019.**   The motion is otherwise denied.

3.      The Clerk is directed to strike from the docket Docs. 22-1, 22-4, 22-8, 22-9, 22-10, 22-11, 22-14, and 22-15.

4.      Plaintiff's Second Motion to Compel and Incorporated Memorandum of Law is **DENIED without prejudice.**

**DONE** and **ORDERED** in Fort Myers, Florida on this 28th day of December, 2018.

CAROL MIRANDO
United States Magistrate Judge

Copies:
Counsel of record