UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

SUSAN CURLEY,

    Plaintiff,

v.                                       Case No: 2:18-cv-9-FtM-99CM

STEWART TITLE GUARANTY
COMPANY,

    Defendant.

## ORDER

This matter comes before the Court upon review of Plaintiff's Unopposed Motion to Extend the Discovery Deadline to Complete Depositions filed on January 3, 2019. Doc. 31. Plaintiff requests the Court extend the discovery deadline for the limited purpose of completing depositions. *Id.* at 1, 4. Plaintiff states she is "unable to indicate . . . how much additional time is needed." *Id.* at 3. Defendant does not oppose the requested relief. For the reasons stated below, the motion is granted in part.

Rule 16 requires a showing of good cause for modification of a court's scheduling order. Fed. R. Civ. P. 16(b)(4). "The diligence of the moving party should be considered in determining whether there is good cause to extend a deadline." *Jozwiak v. Stryker Corp.*, No. 6:09-cv-1985-Orl-19GJK, 2010 WL 743834, at *2 (M.D. Fla. Feb. 26, 2010). In other words, the moving party must demonstrate it could not meet the deadline despite its diligent efforts. *Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1418 (11th Cir. 1998); *Idearc Media Corp. v. Kimsey & Assocs., P.A.*,

No. 807-CV-1024-T-17EAJ, 2009 WL 413531, at *2 (M.D. Fla. Feb. 18, 2009). District courts have broad discretion (1) when managing their cases, including discovery and scheduling; and (2) in applying their local rules. *Johnson v. Bd. of Regents of Univ. of Ga.*, 263 F.3d 1234, 1269 (11th Cir. 2001); *see Reese v. Herbert*, 527 F.3d 1253, 1267-68 (11th Cir. 2008); *Johnson v. England*, 350 F. App'x 314, 315-16 (11th Cir. 2009).

Plaintiff requests to extend only the discovery deadline and for the limited purpose of completing depositions. Doc. 31 at 1. Plaintiff states she has nine depositions left to conduct, and Defendant has two additional depositions to complete, including a continuation of its deposition of Plaintiff. *Id.* at 2. To date, Plaintiff has conducted one deposition, on December 20, 2018, and Defendant has conducted one deposition. *Id.* at 2. On April 4, 2018, the Court entered a Case Management and Scheduling Order ("CMSO") setting the discovery deadline for October 5, 2018. Doc. 15 at 1. On October 26, 2018, in response to Plaintiff's request, the Court extended the discovery deadline to January 3, 2019. Doc. 20 at 2. At that time, Plaintiff had conducted no depositions.[1] *See* Doc. 20 at 3.

The Amended CMSO set the dispositive motions deadline for February 11, 2019, all other motions for April 22, 2019, and a trial term beginning July 1, 2019. Doc. 21 at 1-2. The Court finds good cause to extend the time to conduct depositions but is not inclined to extend the discovery deadline or the remaining deadlines in the

---

[1] Plaintiff states she began coordinating deposition scheduling with Defendant on November 27, 2018. Doc. 31 at 2.

CMSO. Thus, the Court will extend the time to complete depositions until February 4, 2019, and all other deadlines shall remain the same. Discovery is otherwise closed.

ACCORDINGLY, it is

**ORDERED:**

Plaintiff's Unopposed Motion to Extend the Discovery Deadline to Complete Depositions (Doc. 31) is **GRANTED in part**. The parties shall have up to and including **February 4, 2019** to complete depositions. All other deadlines and directives in the Court's Amended Case Management and Scheduling Order (Doc. 21) remain unchanged.

**DONE** and **ORDERED** in Fort Myers, Florida on this 7th day of January, 2019.

CAROL MIRANDO
United States Magistrate Judge

Copies:
Counsel of record