```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                        FORT MYERS DIVISION
```

SUSAN CURLEY,

        Plaintiff,

v.                              Case No: 2:18-cv-9-FtM-29NPM

STEWART TITLE GUARANTY COMPANY,

        Defendant.

**OPINION AND ORDER**

This matter comes before the Court on defendant's Motion for Reconsideration or Clarification of May 29, 2019 Opinion and Order Denying Summary Judgment (Doc. #102) filed on June 26, 2019. Plaintiff filed a Response in Opposition (Doc. #108) on July 18, 2019. For the reasons set forth below, the Motion is denied.

**I.**

The decision to grant a motion for reconsideration is within the sound discretion of the trial court and may be granted to correct an abuse of discretion. Region 8 Forest Serv. Timber Purchasers Council v. Alcock, 993 F.2d 800, 806 (11th Cir. 1993). "The courts have delineated three major grounds justifying reconsideration of such a decision: (1) an intervening change in controlling law; (2) the availability of new evidence; (3) the need to correct clear error or prevent manifest injustice." Sussman v. Salem, Saxon & Nielsen, P.A., 153 F.R.D. 689, 694 (M.D.

Fla. 1994). Here, defendant argues that the third ground warrants reconsideration – the need to correct clear error or prevent manifest injustice.

"A motion for reconsideration should raise new issues, not merely readdress issues litigated previously." PaineWebber Income Props. Three Ltd. P'ship v. Mobil Oil Corp., 902 F. Supp. 1514, 1521 (M.D. Fla. 1995). The motion must set forth facts or law of a strongly convincing nature to demonstrate to the court the reason to reverse its prior decision. Taylor Woodrow Const. Corp. v. Sarasota/Manatee Airport Auth., 814 F. Supp. 1072, 1073 (M.D. Fla. 1993); PaineWebber, 902 F. Supp. at 1521. "When issues have been carefully considered and decisions rendered, the only reason which should commend reconsideration of that decision is a change in the factual or legal underpinning upon which the decision was based. Taylor Woodrow, 814 F. Supp. at 1072-73.

A motion for reconsideration does not provide an opportunity to simply reargue - or argue for the first time - an issue the Court has already determined. Court opinions "are not intended as mere first drafts, subject to revision and reconsideration at a litigant's pleasure." Quaker Alloy Casting Co. v. Gulfco Indus., Inc., 123 F.R.D. 282, 288 (N.D. Ill. 1988). "The burden is upon the movant to establish the extraordinary circumstances supporting reconsideration." Mannings v. School Bd. of Hillsborough County, Fla., 149 F.R.D. 235, 235 (M.D. Fla. 1993).

Unless the movant's arguments fall into the limited categories outlined above, a motion to reconsider must be denied.

**II.**

In this employment case, the Court entered an Opinion and Order on May 29, 2019, granting defendant's Motion for Summary Judgment as to Counts II and IV (age discrimination claims) and denying the Motion as to Counts I and III (retaliation claims) (Doc. #96). The unlawful retaliation claim is based on allegations that defendant terminated plaintiff for reporting sexual harassment. Absent direct evidence of an employer's intent, to establish a prima facie case of retaliation, a plaintiff must show: (1) she engaged in statutorily protected activity; (2) she suffered a materially adverse action; and (3) there is some causal relationship between the two events. Goldsmith v. Bagby Elevator Co., 513 F.3d 1261, 1277 (11th Cir. 2008). The causation prong was at issue in the summary judgment motion and the Court found that "when viewing all the evidence and drawing all reasonable inferences in favor of plaintiff, the final decision to terminate Curley appears to have been made by Stewart Title after it became aware of Curley's complaints and the Court cannot say that the protected activity and her termination were wholly unrelated." (Doc. #96, p. 19.)

Defendant contends that the Court committed clear error and manifest injustice warrants reconsideration of the Court's Opinion

as to Counts I and III on two grounds. First, because the facts clearly demonstrate that plaintiff's termination was in motion prior to the alleged protected activity, precedent demands a finding of no causation. Second, because plaintiff did not argue that causation existed in her opposition and instead argued that the reason for her termination was pretextual, it was clear error to deny summary judgment based on causation.

**A. Causation**

Defendant argues that reconsideration is warranted because plaintiff did not rebut defendant's argument that there is no causal connection between plaintiff's alleged protected activity and termination because Stewart Title indisputably made the decision to terminate her before she engaged in protected activity. (Doc. #102, pp. 3-4.) However, drawing all reasonable inferences in plaintiff's favor as to the timeline in this case, the Court disagrees. As the Court stated in its Opinion and Order, when viewing all the evidence and drawing all reasonable inferences in favor of plaintiff, the final decision to terminate Curley appears to have been made by Stewart Title after it became aware of Curley's complaints and the Court cannot say that the protected activity and her termination were wholly unrelated. (Doc. #96, p. 19.) As stated, a jury question exists regarding causation.

Alternatively, defendant asks the Court "to clarify how [the Court's] ruling is harmonized with the established precedent

finding that there is no causation when the Plaintiff's termination was in motion prior to the alleged protected activity." (Doc. #102, p. 2.) However, no clarification is needed as the facts of this case drawing all reasonable inferences in Curley's favor comports with precedent.

**B. Plaintiff's Failure to Address Causation in Her Opposition**

Defendant further argues that reconsideration is warranted because the Court considered whether plaintiff had established causation as part of a prima facie case of retaliation although plaintiff did not assert such an argument in opposition. Rather, defendant states that plaintiff's only argument in opposition was that the termination decision was pretextual.

In moving for summary judgment defendant argued that plaintiff could not establish the third prong - a causal connection between her alleged protected activity and her termination. (Doc. #45, pp. 26-27.) And even assuming that plaintiff failed to respond to the causation issue, where a non-moving party fails to respond to the motion for summary judgment and properly support or address a fact, the Court may "grant summary judgment, if the motion and supporting materials – including the facts considered undisputed – show that the movant is entitled to it." Fed. R. Civ. P. 56(e)(3). Here, as the Court stated in its Opinion and Order, the undisputed facts and supporting materials, drawing all reasonable inferences in plaintiff's favor, did not show that

defendant was entitled to summary judgment on the basis of causation. (Doc. #96, pp. 18-19.) See <u>Fils v. City of Aventura</u>, 647 F.3d 1272, 1285 (11th Cir. 2011) ("A district court may look at all the evidence in the record to determine whether issues of material fact exist regarding the plaintiff's asserted causes of action.").

Accordingly, it is hereby

**ORDERED AND ADJUDGED:**

Defendant's Motion for Reconsideration or Clarification of May 29, 2019 Opinion and Order Denying Summary Judgment (Doc. #102) is **DENIED.**

**DONE and ORDERED** at Fort Myers, Florida, this __31st__ day of July, 2019.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Counsel of Record